WO

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Jeffrey Glen Johnson,<br><br>  Petitioner,<br><br>v.<br><br>David Shinn, et al.,<br><br>  Respondents. | No. CV-19-0069-TUC-LCK<br><br>**ORDER** |

  Petitioner Jeffrey Johnson, incarcerated at the Arizona State Prison in Florence, Arizona, has filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. Before this Court are the Petition (Doc. 1), Respondents' Answer (Doc. 14), and Johnson's Reply (Doc. 17). The parties have consented to Magistrate Judge jurisdiction. (Doc. 19.)

## **FACTUAL AND PROCEDURAL BACKGROUND**

  On June 16, 2014, Johnson pled guilty to knowingly possessing a dangerous drug, methamphetamine, and knowingly possessing a narcotic drug, heroin. (Doc. 14, Exs. B, C.) He was sentenced the same day to ten years in prison, five-year consecutive terms on each count. (*Id.*, Ex. E.)

  On January 20, 2017, Johnson filed a Notice of Intent to File for Post-Conviction Relief (PCR). (*Id.*, Ex. F.) Johnson's subsequent PCR Petition was based on newly discovered evidence regarding the veracity of an investigating officer in the case, Michael Mitchell. (*Id.*, Ex. G.) Johnson argued his right to due process was violated by the state's failure to disclose the newly discovered evidence about Mitchell; the results of the search

should have been suppressed; and the presentation of evidence to the grand jury violated his right to due process. Johnson argued that Mitchell conducted surveillance used to obtain the indictment and search warrant. He contended that he would have pursued a motion to suppress and/or gone to trial rather than plead guilty, if he had known the information about Officer Mitchell. (*Id.*)

The PCR Court held the grand jury and search warrant claims were waived. (Doc. 14, Ex. J at 1-2.) Alternatively, the Court found the search warrant was valid and there would have been no basis to exclude the evidence. As to the claim of newly discovered evidence, the court found that Johnson had not met the criteria of Arizona Rule of Criminal Procedure 32.1(e)(3) because the disclosed impeachment evidence "would not substantially undermine testimony which was of critical significance." (*Id.* at 1, 3-4.) The Arizona Court of Appeals granted review but denied relief. (Doc. 14, Ex. M.) The court agreed that the grand jury and search warrant claims were barred as untimely. (*Id.* at 4.) The court affirmed the PCR court's ruling that the newly discovered evidence claim was untimely and did not meet the newly discovered evidence exception. (*Id.* at 3-4.) Johnson's petition for review to the Arizona Supreme Court was denied on July 5, 2018, and the mandate issued on October 2, 2018. (Doc. 14, Exs. O, P.)

Because there was no trial, the Arizona Court of Appeals summarized the relevant facts from those included in the briefs filed during the PCR proceeding:

> ¶ 5 Law enforcement officers had "received information" that Johnson was selling dangerous drugs and they surveilled a home linked to him. According to the petition, "the police became suspicious of a tan minivan and a green Honda sedan parked near the van, at a Rodeway Inn." Police then surveilled the home. Mitchell and other officers—"[t]he rest of the members of the community response team"—were involved in the surveillance. Mitchell reported to Detective Jonathan Hoyt "that a green Honda was seen at the residence, and it was suspected or 'believed' to be there to pick up illegal drugs." Hoyt later stopped the green Honda being driven by Johnson's co-defendant, Denise Bear, for a traffic violation. Mitchell arrived to help with the stop, and Hoyt saw a plastic bag with a "sizable" amount of methamphetamine in the car. Hoyt drafted a search warrant based on the found methamphetamine and on Bear's having been seen coming from the home linked to Johnson.
>
> ¶ 6 Hoyt, Mitchell, and other officers then executed the warrant on the home and found Johnson in one of the rooms. In the same room, Hoyt also found foil with methamphetamine on it, cash, small plastic containers with heroin,

and items bearing Johnson's name and the address. Other drugs and drug paraphernalia were found elsewhere in the home. Officers also found two bags of methamphetamine and a bag of heroin in a shed on the property.

(Doc. 12, Ex. M at 3.)

## DISCUSSION

The Petition includes four claims: (A) the state court erred in finding that Johnson's due process and equal protection claims were not colorable; (B) the state violated *Brady* and due process by failing to disclose the impeachment evidence regarding Officer Mitchell; (C) a motion to suppress would have been successful based on the newly discovered evidence regarding Officer Mitchell; and (D) the PCR court's denial of his petition violated his right to due process.

### STATUTE OF LIMITATIONS

Respondents argue that Johnson's Petition is barred by the statute of limitations. Johnson counters that the Petition is timely, or he is entitled to equitable tolling.

### Statute of Limitations and Statutory Tolling

Under the Antiterrorism and Effective Death Penalty Act (AEDPA) of 1996, federal petitions for writ of habeas corpus filed by state prisoners are governed by a one-year statute of limitations period. 28 U.S.C. § 2244(d)(1). The limitations period begins to run from the latest of:

> (A) the date on which judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

*Id.* Because subsections (A) and (D) are implicated in this case, the Court analyzes both of them.

In applying (d)(1)(A), the Court must assess when direct review of Petitioner's conviction became final. By pleading guilty, Johnson waived his right to file a direct appeal and his only option was to file a PCR Petition pursuant to Rule 32. Ariz. R. Crim. P. 17.2(e). In *Summers v. Schriro*, the Ninth Circuit held that a Rule 32 of-right proceeding is a form of direct review, and so the "AEDPA's one-year statute of limitations does not begin to run until the conclusion of the Rule 32 of-right proceeding and the review of that proceeding, or until the expiration of the time for seeking such proceeding or review." 481 F.3d 710, 711 (9th Cir. 2007). Johnson pled guilty and was sentenced on June 16, 2014. (Doc. 14, Exs. B, E.) He had 95 days in which to initiate a PCR proceeding. Ariz. R. Crim. P. 1.3(a)(5), 32.4(a)(2)(C). Therefore, his Notice of PCR was due by September 19, 2014. Because Johnson did not initiate a PCR proceeding during that period, his conviction became final for purposes of § 2244(d)(1)(A) on that date. The statute of limitations provided began to run the next day, on September 20, 2014. Johnson did not file a PCR petition in the subsequent year; therefore, the limitations period expired on September 20, 2015. Johnson did not file his Petition for Writ of Habeas Corpus until February 2019. Because he filed his Petition more than three years after the statute of limitations expired, the Petition is statutorily time-barred under subsection (A).

A filing after the expiration of the limitations period does not toll the period or trigger a new limitations period. *See Ferguson v. Palmateer*, 321 F.3d 820, 823 (9th Cir. 2003) (holding that even a timely state petition filed after the expiration of the federal statute of limitations does not reinstate the federal period). Therefore, Johnson is not entitled to statutory tolling of the limitations period under (d)(1)(A) based on the PCR proceeding he initiated in 2017.

Because Johnson alleges that his claims are based on newly discovered evidence, the Court must consider whether the Petition is timely under (d)(1)(D). Under that provision, the one-year limitations period did not begin to run until the date on which Johnson, acting diligently, could have discovered the facts necessary for the claims.

Because neither party analyzed the statute of limitations under subsection (D),[1] the Court does not know the date on which Johnson could have discovered the impeachment evidence regarding Officer Mitchell. However, Johnson filed a Notice of PCR on January 20, 2017, followed by a March 2017 PCR Petition alleging newly discovered evidence. (Doc. 14, Exs. F, G.) Because Johnson knew the facts underlying his federal claims prior to initiating the PCR proceeding, the Court uses the January 20, 2017 Notice date as the beginning of the limitations period under subsection (D). Absent tolling, the statute of limitations expired in January 2018.

The statute of limitations is tolled during the time a properly filed state PCR petition is pending. 28 U.S.C. § 2244(d)(2). The court of appeals held that Johnson's PCR Petition was untimely, and he had not met the newly discovered evidence exception (Doc. 14, Ex. M at 3-4). *See Ylst v. Nunnemaker*, 501 U.S. 797, 803 (1991) (federal court must look to the last reasoned state-court decision concerning a claim to determine whether it is procedurally barred). An untimely state PCR petition is not "properly filed" within the meaning of 28 U.S.C. § 2244(d)(2) and will not toll the statute of limitations. *Pace v. DiGuglielmo*, 544 U.S. 408, 410 (2005). Therefore, Johnson's 2017 PCR Petition was not properly filed and did not toll the limitations period under § 2244(d)(1)(D). Johnson's February 2019 Habeas Petition was filed more than a year after the limitations period under (d)(1)(D) expired in January 2018 and is, therefore, untimely.

**Equitable Tolling**

A petitioner bears the burden of showing that equitable tolling is appropriate. *Rasberry v. Garcia*, 448 F.3d 1150, 1153 (9th Cir. 2006). Generally, a litigant seeking equitable tolling "bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Pace,* 544 U.S. at 418. The diligence required for tolling is "reasonable diligence" as opposed to "maximum feasible diligence." *Doe v. Busby*, 661 F.3d 1001, 1012 (9th Cir. 2011). The effort needed is that expected of a reasonable person under those particular

---

[1] Johnson argued that the AEDPA one-year limitations period did not apply to claims based on newly discovered evidence. (Doc. 17 at 2.)

circumstances. *Id*. at 1015. Furthermore, the petitioner must show that the extraordinary circumstances were the cause of his untimeliness. *Spitsyn v. Moore*, 345 F.3d 796, 799 (9th Cir. 2003) (quoting *Stillman v. LaMarque*, 319 F.3d 1199, 1203 (9th Cir. 2003)).

Johnson argues he is entitled to equitable tolling because the Petition is based on newly discovered evidence and the state court erred in finding he did not meet the related exception under Arizona Rule of Criminal Procedure 32.1(e). He argues that he diligently pursued his claims upon learning of the impeachment evidence related to Officer Mitchell.

Whether the state court's ruling on timeliness under Arizona law was correct is not for this Court to review. *See Pace*, 544 U.S. at 414 ("When a postconviction petition is untimely under state law, 'that [is] the end of the matter.'"). Since *Pace* was decided in 2005, petitioners have had notice that statutory tolling would be unavailable if their state petitions were denied as untimely. *See Lakey v. Hickman*, 633 F.3d 782, 787 (9th Cir. 2011). Johnson knew when he filed his PCR Notice and Petition, in January and March 2017, that they were untimely unless he satisfied Arizona's newly discovered evidence exception. (Doc. 14, Ex. F (Johnson completed the Notice section required only for untimely petitions).) And, he knew the PCR Court had found he did not meet that exception in May 2017 when it dismissed the petition. (Doc. 14, Ex. J.) That dismissal occurred months prior to the January 2018 expiration of the AEDPA statute of limitations. At that point, Johnson could have filed a "protective" petition in this Court and asked the federal court to stay and abey the federal proceedings while he exhausted his state court remedies. *See Pace*, 544 U.S. at 416-17 (citing *Rhines v. Weber*, 544 U.S. 269, 278 (2005) ("A petitioner's reasonable confusion about whether a state filing would be timely will ordinarily constitute 'good cause' for him to file in federal court")).

The fact that his PCR Petition was found to be untimely did not make it impossible for Johnson to file on time in this Court. *See Waldron–Ramsey v. Pacholke*, 556 F.3d 1008, 1011 (9th Cir. 2009) ("an external force must cause the untimeliness, rather than, as we have said, merely 'oversight, miscalculation or negligence on [the petitioner's] part, all of which would preclude the application of equitable tolling.'") (quoting *Harris v. Carter* 515

F.3d 1051, 1055 (9th Cir. 2008)). Johnson has not established that he diligently pursued his rights or that an extraordinary circumstance prevented him from timely filing a Petition in this Court. *See Miranda v. Castro*, 292 F.3d 1063, 1066 (9th Cir. 2002) ("the threshold necessary to trigger equitable tolling [under AEDPA] is very high, lest the exceptions swallow the rule.") (quoting *United States v. Marcello*, 212 F.3d 1005, 1010 (7th Cir. 2000)). Therefore, he is not entitled to equitable tolling.

**Statute of Limitations Conclusion**

Applying the later of the statute of limitations subsections, as directed by the rule, the limitations period under subsection (D) expired January 20, 2018, more than a year prior to Johnson filing his Petition. Johnson is not entitled to statutory or equitable tolling. Therefore, his Petition shall be dismissed as untimely.

**MERITS**

Because the substance of Johnson's claims can be addressed succinctly, the Court reaches an alternative ruling on the merits.

**Relevant Legal Standards for Relief under the AEDPA**

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) created a "'highly deferential standard for evaluating state-court rulings' . . . demand[ing] that state-court decisions be given the benefit of the doubt." *Woodford v. Visciotti*, 537 U.S. 19, 24 (2002) (per curiam) (quoting *Lindh v. Murphy*, 521 U.S. 320, 333 n.7 (1997)). Under the AEDPA, a petitioner is not entitled to habeas relief on any claim "adjudicated on the merits" by the state court unless that adjudication:

> (1)   resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2)   resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). The last relevant state court decision is the last reasoned state decision regarding a claim. *Barker v. Fleming*, 423 F.3d 1085, 1091 (9th Cir. 2005) (citing *Ylst*, 501 U.S. at 803-04; *Insyxiengmay v. Morgan*, 403 F.3d 657, 664 (9th Cir. 2005).

"The threshold test under AEDPA is whether [the petitioner] seeks to apply a rule of law that was clearly established at the time his state-court conviction became final." *Williams v. Taylor*, 529 U.S. 362, 390 (2000). Therefore, to assess a claim under subsection (d)(1), the Court must first identify the "clearly established Federal law," if any, that governs the sufficiency of the claims on habeas review. "Clearly established" federal law consists of the holdings of the Supreme Court at the time the petitioner's state court conviction became final. *Williams*, 529 U.S. at 365; *see Carey v. Musladin*, 549 U.S. 70, 74 (2006).

**Claims 1 and 4**

In Claim 1, Johnson alleges the PCR court erred in finding that Johnson's due process claim was not colorable. He argues that the evidence about Officer Mitchell satisfied the requirements for newly discovered evidence and the denial of a hearing violated his right to due process. Similarly, in Claim 4, Johnson alleges that the PCR court's summary denial of his petition violated his right to due process. Further, he alleged the state courts unreasonably applied the newly discovered evidence standard in ruling on his PCR claims. Respondents argued that these claims were not cognizable (Doc. 14 at 10-11); Johnson did not provide a substantive response to this argument (Doc. 17 at 6).

This Court can grant habeas relief "only on the ground that [a petitioner] is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). Because Johnson must demonstrate that the basis of his custody (his conviction and sentence) violates the Constitution, errors in the state PCR process are not cognizable in a federal habeas corpus proceeding. *Franzen v. Brinkman*, 877 F.2d 26, 26 (9th Cir. 1989) (finding that errors in the PCR process do not represent an attack on the constitutionality of the prisoner's detention); *Cooper v. Neven*, 641 F.3d 322, 331 (9th Cir. 2011) (finding not cognizable a claim alleging that state court failed to conduct an in camera inspection of prosecutor's file during PCR hearing). For this reason, Claims 1 and 4 are not cognizable.

Next, "[a] writ of habeas corpus is available under 28 U.S.C. § 2254(a) only on the basis of some transgression of federal law binding on the state courts." *Middleton v. Cupp*, 768 F.2d 1083, 1085-86 (9th Cir. 1985) (citing *Engle v. Isaac*, 456 U.S. 107, 119 (1982)). Johnson's reliance on the standard for newly discovered evidence warranting a new trial under Federal Rule of Criminal Procedure 33 is misplaced. (Doc. 1 at 11, 19.) Habeas relief is unavailable on the basis that a state proceeding violated a federal procedural right, unless that right is guaranteed by the Constitution or a federal law guarantees that right in state court. *Middleton*, 768 F.2d at 1085-86 (declining to find a constitutional violation based on the admission of polygraph evidence, although the circuit precludes it based on the federal rules of evidence) (citing *Engle*, 456 U.S. at 119). Johnson did not identify a Constitutional guarantee for the application of a federal newly discovered evidence standard in state court. The PCR court applied Arizona's newly discovered evidence standard (Doc. 14, Ex. J at 1, 3-4), and its interpretation of state law is not subject to review in this Court. *See Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991) ("it is not the province of a federal habeas court to reexamine state-court determinations on state-law questions.").

Finally, an allegation of newly discovered evidence relevant to a defendant's guilt, standing alone, is not a ground for federal relief; it must relate to a claim challenging the constitutionality of his detention. *See Herrera v. Collins*, 506 U.S. 390, 400-01 (1993) ("federal habeas courts sit to ensure that individuals are not imprisoned in violation of the Constitution-not to correct errors of fact.") (quoting *Townsend v. Sain*, 372 U.S. 293 317 (1963)); *Sauceda v. Shinn*, No. CV 19-01132-PHX-NVW-CDB, 2020 WL 2067012, at *15 (D. Ariz. Apr. 13, 2020) (citing *Gordon v. Duran*, 895 F.2d 610, 614 (9th Cir. 1990)), report and recommendation adopted (D. Ariz. Apr. 29, 2020).

Because Claims 1 and 4 are based on error in the PCR proceeding and do not challenge the constitutionality of Johnson's conviction or sentence, they are not cognizable in this federal habeas proceeding.

**Claims 2 and 3**

Johnson alleges that the state violated his right to due process as articulated in *Brady v. Maryland*, 373 U.S. 83 (1963), by failing to disclose impeachment evidence regarding Officer Mitchell. In Claim 2, Johnson alleges that, if the information had been disclosed, he would not have pled guilty and there is a reasonable likelihood that he would not have been convicted at trial. In Claim 3, Johnson alleges that, if the information had been disclosed, he would have filed a motion to suppress with a reasonable likelihood that it would have been successful.[2] Respondents concede these claims were properly exhausted in state court. (Doc. 14 at 16-17.)[3]

The Supreme Court holds that "the Constitution does not require the Government to disclose material impeachment evidence prior to entering a plea agreement with a criminal defendant." *United States v. Ruiz*, 536 U.S. 622, 633 (2002). The evidence at issue is solely impeachment evidence as to Officer Mitchell's veracity; it is not exculpatory evidence relevant to Johnson's guilt or innocence. Because the Supreme Court has ruled in direct opposition to Johnson's argument, the Arizona Court of Appeals' ruling is not contrary to or an unreasonable application of clearly established federal law.

The cases upon which Johnson relies discuss a prosecutor's failure to disclose exculpatory, not impeachment, evidence and several were decided before *Ruiz*. *See United States v. Nelson*, 979 F. Supp. 2d 123, 128-30 (D.D.C. 2013) (allowing defendant to

---

[2] Johnson does not explicitly cite *Brady*, or any other federal law, as the legal foundation for Claim 3. However, it also is premised on the state's failure to disclose the impeachment evidence regarding Officer Mitchell. Therefore, the Court finds the same analysis applies to Claims 2 and 3.

[3] Because the Arizona Court of Appeals determined that these claims did not meet the newly discovered evidence exception and were untimely, the claims are procedurally defaulted. *See Coleman v. Thompson*, 501 U.S. 722, 729-30 (1991); *see also Harris v. Reed*, 489 U.S. 255, 264 (1989) (finding a state court's independent and adequate procedural default ruling binding on federal court, even if state court issued alternative ruling on merits of federal claim). However, because Respondents conceded exhaustion and did not allege procedural default as to these claims, that affirmative defense is waived. *See Vang v. Nevada*, 329 F.3d 1069, 1073 (9th Cir. 2003) (applying the general rule of waiver because the state did not assert procedural default before the district court) (citing *Bennett v. Mueller*, 322 F.3d 573, 585 (9th Cir. 2003); *Franklin v. Johnson*, 290 F.3d 1223, 1229 (9th Cir. 2002)).

withdraw guilty plea based on suppression of exculpatory evidence); *Sanchez v. United States*, 50 F.3d 1448, 1453 (9th Cir. 1995); *Miller v. Angliker*, 848 F.2d 1312, 1320 (2d Cir. 1988). The circuit courts of appeals acknowledge that *Ruiz* did not directly address the withholding of exculpatory evidence, but those courts are not in agreement on whether the Constitution is violated by the withholding of exculpatory evidence prior to a guilty plea. *See Alvarez v. City of Brownsville*, 904 F.3d 382, 392 (5th Cir. 2018) (collecting relevant cases); *Robertson v. Lucas*, 753 F.3d 606, 621 (6th Cir. 2014) (comparing circuit court decisions). Thus, even if the evidence at issue could be construed as exculpatory, which Johnson does not argue, there is no clearly established federal law on point, and the AEDPA precludes relief. *See Carey v. Musladin*, 549 U.S. 70, 76-77 (2006) (noting that lower courts' wide divergence in treatment of a claim reflected "lack of guidance" from Supreme Court and, thus, "it cannot be said that the state court unreasonably applied clearly established Federal law" under § 2254(d)(1)); *see also Harrington v. Richter*, 562 U.S. 86, 101 (2011) ("A state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision.") (quoting *Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004)).

## **CONCLUSION & CERTIFICATE OF APPEALABILITY**

The Petition is untimely and dismissed based on the statute of limitations. Alternatively, Claims 1 and 4 are not cognizable in this proceeding, and Claims 2 and 3 are without merit. Even accepting his allegations as true, Johnson is not entitled to relief; therefore, his request for an evidentiary hearing is denied. *See Schriro v. Landrigan*, 550 U.S. 465, 474, 481 (2007).

Pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases, this Court must issue or deny a certificate of appealability (COA) at the time it issues a final order adverse to the applicant. A COA may issue only when the petitioner "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This showing can be established by demonstrating that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner" or that the

issues were "adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (citing *Barefoot v. Estelle*, 463 U.S. 880, 893 & n.4 (1983)). For procedural rulings, a COA will issue only if reasonable jurists could debate (1) whether the petition states a valid claim of the denial of a constitutional right, and (2) whether the court's procedural ruling was correct. *Id.* The Court finds that reasonable jurists would not find this Court's procedural rulings or merits rulings debatable. Therefore, a COA will not issue.

Accordingly,

**IT IS ORDERED** that the Petition for Writ of Habeas Corpus is **DISMISSED**.

**IT IS FURTHER ORDERED** that the Clerk of Court should enter judgment and close this case.

**IT IS FURTHER ORDERED** that, pursuant to Rule 11 of the Rules Governing Section 2254 Cases, in the event Johnson files an appeal, the Court denies issuance of a certificate of appealability.

Dated this 1st day of July, 2020.

_____
Honorable Lynnette C. Kimmins
United States Magistrate Judge